**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0939-15T2


JENNIFER L. BONELLI,
n/k/a JENNIFER L. MURRAY,

 Plaintiff-Appellant,

v.

JONATHAN A. BONELLI,

 Defendant-Respondent.

_____

Argued March 28, 2017 — Decided April 27, 2017

Before Judges Yannotti and Fasciale.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Warren County,
Docket No. FM-21-0138-12.

Stephanie P. Tettemer argued the cause for
appellant (Tettemer Law Offices, LLC,
attorneys; Ms. Tettemer, on the briefs).

Damiano M. Fracasso argued the cause for
respondent.

PER CURIAM

 Plaintiff appeals from provisions in an order of the Family

Part dated September 2, 2015, which permitted plaintiff to

temporarily reside in Pennsylvania with the parties' minor children, and allowed defendant parenting time on weekends and Tuesdays and Wednesdays each week. Plaintiff also appeals from the Family Part's order of September 22, 2015, which denied her motion for reconsideration of the September 2, 2015 order. We reverse and remand the matter to the trial court for further proceedings.

We briefly summarize the relevant facts and procedural history. The parties were married in May 2007, and two children were born of the marriage, in February 2006 and April 2009, respectively. The marriage was dissolved by a final judgment of divorce dated October 17, 2011.

The court entered a consent order pertaining to custody and parenting time, dated October 17, 2011, which provides, among other things, that plaintiff shall be the parent of primary residence and defendant the parent of alternative residence. The October 2011 order further provides that the County of Warren shall be the children's home county, and the children shall not be removed from New Jersey for more than seven consecutive days without the written, notarized consent of the parties.

The October 2011 consent order also states that, except as otherwise provided in the order, defendant shall have parenting time with the children each week from Friday at 5:00 p.m. to Sunday at 8:00 p.m. In addition, defendant shall have parenting time each

week on Tuesday and Thursday, from 4:00 p.m. to 8:00 p.m. Plaintiff has parenting time for the remaining time each week.

Thereafter, the trial court entered a consent order dated December 6, 2012, which amended the October 2011 order. The December 2012 order states that effective May 1, 2012, plaintiff could temporarily relocate with the children to a municipality in Bucks County, Pennsylvania. The December 2012 order states that if plaintiff wanted to extend the temporary relocation, she must file a motion in the trial court and demonstrate that such an extension is in the children's best interest.

The December 2012 order did not make any change to defendant's parenting time, as provided in the October 17, 2011 order. The December 2012 order also states that the Superior Court of New Jersey will continue to exercise jurisdiction over the children until they are emancipated.

In May 2015, plaintiff filed a motion in the trial court which sought, among other relief, authorization to relocate permanently with the children to the State of Pennsylvania. In a certification submitted in support of her motion, plaintiff noted that she and the two children had been residing in Pennsylvania for several years with her new boyfriend, as permitted by the December 2012 order, and she had given birth to another child in 2013.

A-0939-15T2

In her motion, plaintiff also sought a change in defendant's parenting time based on the fact that defendant allegedly had only been exercising his parenting time on weekends. She therefore sought to eliminate his parenting time on Tuesdays and Thursdays, as provided in the October 2011 order.

Defendant opposed plaintiff's motion for permanent relocation, and filed a cross-motion seeking, among other relief, to change his weekday parenting time from Tuesdays and Thursdays to Wednesdays and another weekday suitable to the parties and their children.

The court scheduled the motions for oral argument on August 28, 2015. Prior to the scheduled argument date, the court provided the parties with a preliminary decision, which stated that there was no change of circumstances warranting a change in the parties' consent order of December 2012 regarding temporary relocation or the parenting schedule established in the October 2011 order.

However, the court's preliminary order changed defendant's weekday parenting to Tuesdays and Wednesdays. The court thereafter issued an amended preliminary decision and order. The amended preliminary order made other changes to the parenting schedule. The order stated that defendant would have parenting time every other weekend, and one day during the week.

The parties appeared in court on August 28, 2015, and expressed disagreement with the court's preliminary decisions as to relocation and parenting time. The court then engaged in a colloquy with counsel in an effort to resolve the dispute. Plaintiff's attorney indicated that she wanted "finality" regarding the relocation. Plaintiff's attorney also indicated that plaintiff wanted to change the parenting schedule to reflect the actual parenting time that defendant was enjoying.

The court told plaintiff's attorney that it would either enforce the terms of the consent orders or conduct a plenary hearing pursuant to Baures v. Lewis, 167 N.J. 91 (2001). After further discussion, defendant's attorney informed the court that defendant did not object to plaintiff continuing to reside with the children in Pennsylvania on a temporary basis, with the New Jersey court retaining jurisdiction in the matter.

Defendant objected, however, to any change to the parenting schedule in the October 2011 order, but suggested a change to paragraph eleven of that order. Paragraph eleven provides that in the event the parent, spouse, or their natural parents are unavailable for parenting time, the other parent has a right of first refusal to exercise such parenting time. Counsel proposed a "three-hour cutoff" for the exercise of this right of first refusal.

Plaintiff's attorney again informed the court that her client wanted "finality." The court again told plaintiff's attorney that it would either uphold the previous consent orders or plaintiff would have a Baures hearing. Plaintiff's attorney then advised the court that she would agree to continue the relocation on a temporary basis. Counsel also said that she was amenable to the court's "clarification" of paragraph thirteen of the proposed order, which addressed parenting time, and with the three-hour cutoff for additional parenting time, as proposed by defendant.

The court then issued an order dated August 28, 2015, which granted in part plaintiff's motion to modify the prior agreement as to custody and parenting time. The order stated in pertinent part that plaintiff's relocation to Pennsylvania was only temporary. The order also stated that defendant would have parenting time every weekend, from 5:00 p.m. on Fridays to 8:00 p.m. on Sundays, and from 4:20 p.m. to 8:00 p.m. on Wednesdays, or another weekday that is convenient for the children. The order stated that, except as provided therein, all provisions of the court's prior orders and judgments shall remain in full force and effect.

On September 1, 2015, defendant's attorney wrote to the court and objected to the provision of the order which limited defendant's weekday parenting time to only Wednesdays, noting that

the court had clearly indicated that defendant would not be losing any weekday parenting time. Counsel asked the court to restore defendant's Tuesday parenting time. In addition, counsel noted that the court had omitted the three-hour cutoff for the exercise of the right of first refusal for additional parenting time.

On September 2, 2015, the court issued an amended order which stated that defendant would have weekday parenting time on Tuesdays and Wednesdays. In its transmittal memo, the court noted that the parties would be submitting a separate consent order to address the three-hour cutoff.

Plaintiff objected to the September 2, 2015 order, and the court treated the objection as a request for reconsideration. The court entered an order dated September 22, 2015, denying the application. In the accompanying statement of reasons, the court pointed out that the preliminary and amended preliminary decisions contained errors regarding the parenting time schedule, which had caused confusion. The August 28, 2015 order also erroneously omitted defendant's Tuesday parenting-time and did not include the three-hour cutoff for exercising the right of first refusal for additional parenting time.

The court noted that it had offered plaintiff an opportunity for a plenary hearing on permanent relocation and her proposed change in the parenting-time schedule, but plaintiff had declined

the offer. She had agreed to continue relocation in Pennsylvania on a temporary basis and to maintain the parenting schedule as provided in the court's prior orders. The court found that the omission of defendant's Tuesday parenting time was a clerical error.

The court rejected plaintiff's contention that it had acted improperly by amending the August 28, 2015 order to correct the error. The court also noted that the three-hour cutoff would be included in a separate consent order; therefore, that issue was moot. This appeal followed.

On appeal, plaintiff argues: (1) she has the right to appeal the trial court's orders; (2) she was denied due process because the court denied her motion for a change in the parenting time schedule without a plenary hearing; (3) defendant violated the prescribed procedure for seeking reconsideration by requesting a change to the August 28, 2015 order without filing a motion; (4) the court should have granted her application to relocate permanently with the children to Pennsylvania; (5) plaintiff met her burden of showing that the parenting plan should be modified; and (6) the trial court's orders should be vacated.

The scope of our review of the trial court's findings of fact is limited. Cesare v. Cesare, 154 N.J. 394, 411 (1998). The trial court's factual findings will not be reversed on appeal if

A-0939-15T2

supported by adequate, substantial, and credible evidence in the record. Id. at 411-12 (citing Rova Farms Resort, Inc. v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). Although we defer to the trial court's findings of fact when supported by sufficient evidence, we owe no deference to the trial court's decision on an issue of law or the legal consequences that flow from established facts. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

As we have explained, the parties had agreed to the entry of the December 2012 consent order which allowed plaintiff to relocate to Pennsylvania with the children on a temporary basis, and plaintiff later filed her motion seeking to make the relocation permanent. In her motion, plaintiff cited several reasons why the court should approve her application. Plaintiff noted that she and the children had resided in Pennsylvania with her new boyfriend, and plaintiff had another child with this individual.

Plaintiff also noted that she had lived with the children in Pennsylvania for three years, and both children had been enrolled in Pennsylvania schools. She said the children were "ensconced" in their schools, and had established friends and extracurricular activities that give them stability. She also stated that the two children had bonded with her new child, and the children had an

established group of teachers, doctors, and coaches upon which they rely emotionally.

Plaintiff also sought to change defendant's parenting time, which had been established by the October 2011 consent order. Plaintiff asserted that the parties have not been following the previously-established schedule. She claimed that defendant was not exercising his parenting time on weekdays. She said it would disrupt the children's schedule to have them travel to defendant's home mid-week.

In Baures, the Court held that when parents are divorced and one parent seeks to relocate with a child from New Jersey, the movant must present a prima facie case showing (1) the parent had a good faith reason to move, and (2) the move will be in the child's best interests. Bauers, supra, 167 N.J. at 118. The movant's prima facie case must include a proposal for the other parent's visitation. Ibid.

The parent who opposes the application then has the burden of showing that the move is not in good faith or inimical to the child's interest. Id. at 119. "Where visitation is the issue, in order to defeat the custodial parent's proofs, the burden is on the noncustodial parent to produce evidence, not just that the visitation will change, but that the change will negatively affect the child." Ibid.

In addressing these issues, the court should consider the following factors:

> (1) the reasons given for the move; (2) the reasons given for the opposition; (3) the past history of dealings between the parties insofar as it bears on the reasons advanced by both parties for supporting and opposing the move; (4) whether the child will receive educational, health and leisure opportunities at least equal to what is available here; (5) any special needs or talents of the child that require accommodation and whether such accommodation or its equivalent is available in the new location; (6) whether a visitation and communication schedule can be developed that will allow the noncustodial parent to maintain a full and continuous relationship with the child; (7) the likelihood that the custodial parent will continue to foster the child's relationship with the noncustodial parent if the move is allowed; (8) the effect of the move on extended family relationships here and in the new location; (9) if the child is of age, his or her preference; (10) whether the child is entering his or her senior year in high school at which point he or she should generally not be moved until graduation without his or her consent; (11) whether the noncustodial parent has the ability to relocate; [and] (12) any other factor bearing on the child's interest.
>
> [Id. at 116-17.]

Here, the trial court recognized that under Baures, a plenary hearing should be conducted on plaintiff's motion for permanent relocation and her proposed change to defendant's parenting schedule. The court found, however, that plaintiff had voluntarily

11

agreed to continue her temporary relocation and to continue to abide by the prior orders regarding parenting time.

The transcript of the August 28, 2015 proceeding reflects that plaintiff had agreed not to seek an order authorizing her permanent relocation with the children to Pennsylvania. However, the transcript does not support the trial court's finding that plaintiff had agreed to allow defendant to continue to enjoy parenting time every weekend and for several hours on two weekdays each week.

As the trial court recognized in the statement of reasons appended to the September 2, 2015 order, errors in the preliminary and amended preliminary decisions created some confusion regarding parenting time. Regrettably, that confusion was not entirely eliminated by the discussion that took place on the record on August 28, 2015. It seems that plaintiff and her attorney left that proceeding with the understanding that, while she had agreed to continue her relocation with the children on a temporary basis, that agreement was subject to a change in defendant's parenting time.

As noted, at the August 28, 2015 proceeding, plaintiff's counsel referred to the court's "clarification" of paragraph thirteen of the proposed order, which plaintiff apparently interpreted as meaning defendant would only have mid-week

parenting time on Wednesdays. The confusion was compounded by the court's order of August 28, 2015, which stated that defendant would only have mid-week parenting time one day during the week.

Defendant's attorney objected to the change in his mid-week parenting time, and the court viewed it as a clerical error. The September 2, 2015 order restored defendant to two days of mid-week parenting time — on Tuesdays and Wednesdays. However, plaintiff insisted she never agreed to continue with the previously-established parenting schedule.

We are therefore convinced that the court erred by finding that the parties had a meeting of the minds regarding the issues of permanent relocation and parenting time and, for that reason, erred by deciding that a plenary hearing was not required. As we have explained, the record does not support the conclusion that the parties reached an agreement to maintain the parenting schedule set forth in the court's order of October 2011.

Therefore, we reverse the relevant provisions of the court order of September 2, 2015, and the September 22, 2015 order denying reconsideration. We remand the matter to the trial court for further proceedings on the issue of permanent relocation and parenting time. On remand, if the parties agree to resolve one or both of these issues without the need for a plenary hearing, any

13

such agreement should be spelled out in a consent order and filed with the court.

If the parties cannot agree, the court should conduct a plenary hearing and address plaintiff's motions for permanent removal and alteration of the previously-established parenting schedule. Plaintiff's temporary relocation and the parenting schedule established by the court's September 2, 2015 order shall remain in effect pending a decision by the trial court at the conclusion of the remand proceedings.

As noted, on appeal, plaintiff also argues that she was denied due process in the trial court proceedings; defendant flouted the procedure for seeking reconsideration of the court's August 28, 2015 order; her application for permanent relocation should have been granted; and she met her burden of showing the parenting plan should be changed. In view of our decision remanding the matter to the trial court for further proceedings, we need not address these issues.

Reversed and remanded to the trial court for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0939-15T2